JUDGE DANIELS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAVID CANONICO,

                      Plaintiff,

     -against-

BANK OF AMERICA, N.A.,
ROBERT DONOVAN and PHILIP MANFRE,

                      Defendants.
------------------------------------------------------------X

Civil Action No.: 13 CV 8459

**COMPLAINT**

**JURY DEMANDED**

RECEIVED NOV 26 2013

       Plaintiff DAVID CANONICO, appearing by his attorneys, AKIN LAW GROUP PLLC, as and for his Complaint against the Defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. The Defendants discriminated against the Plaintiff based on his sex and disability, and further retaliated against the Plaintiff for complaining about the discrimination.

2. More specifically, this is an action for monetary damages, for the Defendant's violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e-2000e-17 et seq. as amended), for unlawful discrimination regarding Plaintiff's sex and disability, and for retaliating against the Plaintiff for complaining about said discrimination, in violation of §704(a) of the Civil Rights Act of 1964, as amended (hereinafter jointly referred to as "Title VII"). In addition, Defendants discriminated and retaliated against the Plaintiff in further violation of Title I of the Americans with Disabilities Act of 1990 (hereinafter "the ADA"), 42 U.S.C. §12111 et seq. as amended, New York State Executive Law §296 et seq., (hereinafter "Executive Law") and Administrative Code of the City of New York §8-101 et seq., (hereinafter "City Law") with regard to Plaintiff's sex, perceived sexual orientation, and disability.

## JURISDICTION AND VENUE

3. The jurisdiction of this Court over this controversy is invoked pursuant to 28 U.S.C. §§1331 and 1343, as this action involves federal questions.

4. The Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) over related claims brought under the Executive Law, New York State common law and the City Law.

5. In addition, this Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202.

6. Plaintiff duly filed a Charge of Discrimination (No. 846-2013-13084) with the United States Equal Employment Opportunity Commission on or about June 7, 2013.

7. The EEOC issued a "Notice of Right To Sue" for Plaintiff dated November 6, 2013 (a copy annexed hereto as Exhibit A).

8. Venue is appropriate under 28 U.S.C. § 1391 (b) and (c) (Substantial Part of the Events and Contacts), as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, the Defendant regularly conducts business in this district and the Defendant is subject to personal jurisdiction in this district.

## PARTIES

9. Plaintiff, DAVID CANONICO (hereinafter "CANONICO") is an individual who is a resident of Suffolk County, in the State of New York.

10. That at all times hereinafter mentioned, Plaintiff CANONICO is a heterosexual male.

11. That at all times herein relevant, the Defendant BANK OF AMERICA, N.A. (hereinafter "BOA") was and is a corporation organized and existing under and by virtue of the laws of the United States of America, authorized to transact business in the State of New York.

12. That at all times herein relevant, the Defendant BOA is a foreign business entity duly authorized to conduct business in the State of New York.

13. That at all times herein relevant, the Defendant BOA was doing business at the premises designated and more commonly known as 115 W 42nd St New York, New York 10036.

14. That at all times herein relevant, the Defendant BOA was also doing business at the premises designated and more commonly known as 135 Pine Lawn Road, Melville, New York 11747.

15. That at all times herein relevant, the Defendant ROBERT DONOVAN (hereinafter "DONOVAN") was and is a resident of the State of New York.

16. That at all times herein relevant, Defendant DONOVAN was and is an agent, servant and/or employee of Defendant BOA.

17. That at all times herein relevant, Defendant DONOVAN was and still is an employee of the Defendant BOA.

18. That at all times herein relevant, Defendant DONOVAN was and still is the Senior Vice President at Defendant BOA.

19. That at all times herein relevant, Defendant DONOVAN worked at the premises designated and / or more commonly known as 115 W 42nd St New York, New York 10036 for Defendant BOA.

20. That at all times herein relevant, DONOVAN was and is a manager at Defendant BOA.

21. That at all times herein relevant, DONOVAN was and is a Regional Executive at Defendant BOA.

22. That at all times herein relevant, the Defendant PHILIP MANFRE (hereinafter "MANFRE") was and is a resident of the State of New York.

23. That at all times herein relevant, Defendant MANFRE was and is an agent, servant, and/or employee of Defendant BOA.

24. That at all times herein relevant, Defendant MANFRE was and still is an employee of the Defendant BOA.

25. That at all times herein relevant, Defendant MANFRE was and is a manager at Defendant BOA.

26. That at all times herein relevant, Defendant MANFRE was and is a supervisor at Defendant BOA.

27. That at all times herein relevant, Defendant MANFRE is a Vice President of Bank of America Long Island.

28. That at all times herein relevant, Defendant MANFRE is Senior Mortgage Loan Officer at BOA.

29. That at all times herein relevant, Plaintiff CANONICO was employed by Defendant BOA.

30. That at all times herein relevant, Plaintiff CANONICO was employed by Defendant BOA working out of the Long Island Branch located at the premises designated and more commonly known as 135 Pine Lawn Road Melville, New York 11747.

## FACTS

31. That on or about October 2003, Plaintiff CANONICO commenced employment with Defendant BOA.

32. That at all times herein relevant, Plaintiff CANONICO was employed by Defendant BOA as Mortgage Loan Officer.

33. That at all times herein relevant, the Plaintiff CANONICO was in a position subordinate to the Defendant MANFRE with regard to their employment with Defendant BOA.

34. That at all times herein relevant, the Plaintiff CANONICO would be given directives and take work orders from Defendant MANFRE in the course of his employment with Defendant

BOA.

35. That at all times herein relevant, the Plaintiff CANONICO had contact with Defendant MANFRE on a daily basis while working at Defendant BOA.

36. That at all times herein relevant, the Plaintiff CANONICO had been a stellar employee.

37. That at all times herein relevant, the Defendants created a hostile work environment and sexually harassed Plaintiff CANONICO on a daily basis.

38. By way of example, Defendant MANFRE would make sexually offensive and hostile comments, including but not limited to, the following:
    (a) "What is your boyfriend's name?"
    (b) "What's the guy's name that you're going out with tonight?"
    (c) "What time are you meeting your boyfriend?"
    (d) "Has he met your family?"
    (e) "You like getting it."
    (f) "You're gay."
    (g) "So, where do you meet your boyfriend?"
    (h) "You look like Mister Rogers." [Mister Rogers is rumored to be gay]
    (i) "I always knew you would be the catcher in a gay relationship."

39. Defendant MANFRE knew that Plaintiff CANONICO had a girlfriend but continued to harass Plaintiff by asking him questions, including but not limited to, the following:
    (a) "Does your fiancé know about your boyfriends?"
    (b) "Does your girlfriend know about him?"
    (c) "Does Mary know about your boys?"
    (d) "Does Mary know about your boyfriends?
    (e) "When are you telling your girlfriend about your boyfriends?"

40. Defendant MANFRE would condone the sexual harassment of Plaintiff CANONICO by making discriminatory comments in front of other BOA employees and personnel.

41. Other employees, including Jackie Myles, would join in the sexual harassment against Plaintiff CANONICO, and then Defendant MANFRE and Jackie Myles would laugh about the harassment as well.

42. Other employees, including Jackie Myles, and Defendant MANFRE would like to find ways to irritate Plaintiff CANONICO and then subsequently laugh about it.

43. Defendant MANFRE aided and abetted in the discrimination and sexual harassment of Plaintiff CANONICO by condoning the harassment in front of other employees.

44. Defendant MANFRE would call Plaintiff CANONICO "gay" on a daily basis in front of other employees.

45. Defendant MANFRE would depict Plaintiff CANONICO as a homosexual to other employees.

46. By way of example, Defendant MANFRE often whistled the theme song from the Mister Rogers' Neighborhood television show around the office [Mister Rogers is a rumored homosexual].

47. That at all times herein relevant, the Plaintiff CANONICO had a disability.

48. That at all times herein relevant, the Plaintiff CANONICO had a speech impediment and would stutter.

49. That at all times herein relevant, the Plaintiff CANONICO had a disability consisting of a speech impediment / stuttering.

50. Defendant MANFRE mimicked Plaintiff CANONICO's stuttering on a daily basis.

51. On an ongoing and constant basis, Defendant MANFRE would laugh, mock and humiliate Plaintiff CANONICO because of Plaintiff CANONICO's speech impediment by telling Plaintiff CANONICO, included but not limited to, the following:
    (a) "I can't wait to hear you on a conference call."
    (b) "Ok, spit it out."
    (c) "That's...o o o o o o o o all... folks." (said in a stuttering manner like the Porky Pig cartoon character).
    (d) "Aba... aba... aba... aba..." (said in a stuttering manner)
    (e) Among many other words that he would add a stutter to.

52. On or about 2006 or 2007, Plaintiff CANONICO spoke with Defendant DONOVAN about a transfer. Defendant DONOVAN told Plaintiff CANONICO that "Phil (Defendant MANFRE) picks on you because he likes you so much."

53. Plaintiff CANONICO agreed to not request a transfer when Defendant DONOVAN said that he would speak to Defendant MANFRE about his behavior. Defendant MANFRE's harassment did not improve, only escalating from that point forward.

54. By way of example, Defendant MANFRE would make sexually offensive and hostile comments on a daily basis to Plaintiff CANONICO, including but not limited to, the following:
    (a) "You like young boys."
    (b) "Just come out of the closet."
    (c) "Where did you meet him online?"
    (d) "Does he take care of you?"
    (e) "Does he come to your house?"

55. Despite years of complaint and requests from Plaintiff CANONICO asking Defendant MANFRE to stop the sexual harassment and the discrimination based on his disability,

Defendant MANFRE's hostilities continued at an increasing rate.

56. On or about December 2012, Plaintiff CANONICO made a complaint to Defendant DONOVAN by sending an email to Defendant DONOVAN asking about filing a formal complaint of sexual harassment and discrimination against Defendant MANFRE.

57. Defendant DONOVAN responded to Plaintiff CANONICO by indicating he would set up a phone conference to speak with Plaintiff CANONICO. During the time that Plaintiff CANONICO was on hold for the conference call, Defendant MANFRE sent Plaintiff CAONCICO an email indicating Plaintiff had to "be in the office tomorrow" because "he had to speak to him".

58. During the conference call with Defendant DONOVAN, Plaintiff CANONICO informed Defendant DONOVAN that he was being sexually harassed by Defendant MANFRE on a consistent basis, Defendant MANFRE would persistently make gay remarks about Plaintiff CANONICO, and Defendant MANFRE would persistently mimic Plaintiff's CANONICO's stuttering.

59. Defendant DONOVAN told Plaintiff CANONICO that he will consider it and get back to him about filing a complaint against Defendant MANFRE. Plaintiff CANONICO stated to Defendant DONOVAN that he wants to go ahead and file the complaint of sexual harassment with the Human Resources department. Defendant DONOVAN then told Plaintiff CANONICO, "No, I will decide whether you will file after I speak to Phil (Defendant MANFRE)."

60. After Plaintiff CANONICO's conversation with Defendant DONOVAN regarding his complaint of sexual harassment against Defendant MANFRE, Defendant BOA and Defendant MANFRE began a course of retaliation against the Plaintiff.

61. After Plaintiff CANONICO's conversation with Defendant DONOVAN about the sexual harassment, Plaintiff CANONICO received emails from Defendant MANFRE to "come see him in the office."

62. When Plaintiff CANONICO walked to Defendant MANFRE's office, Defendant MANFRE was on the phone with Defendant DONOVAN. Immediately upon walking into Defendant MANFRE's office, Plaintiff CANONICO was handed a warning note accusing the Plaintiff of being "inappropriate in the office". Plaintiff CANONICO objected to the warning letter which was issued in retaliation for Plaintiff CANONICO making a complaint of sexual harassment against Defendant MANFRE.

63. Plaintiff CANONICO called and inquired with Ashley Lawton at the Human Resources department about his complaint of sexual harassment to Defendant DONOVAN. Ashley Lawton informed Plaintiff CANONICO that Defendant DONOVAN had not made any such reports/complaints regarding sexual harassment.

64. Defendants continued to retaliate against the Plaintiff CANONICO by creating a hostile work

environment. Defendant MANFRE threatened Plaintiff CANONICO that he would be fired by accusing him of inappropriate conduct in the office.

65. Defendant DONOVAN aided and abetted in the sexual harassment and discrimination by withholding Plaintiff's complaint from the Human Resources department.

66. Defendant DONVAN aided and abetted in the sexual harassment and discrimination by accusing the Plaintiff of inappropriate conduct.

67. Defendant DONOVAN aided and abetted in the sexual harassment and discrimination by protecting Defendant MANFRE from Plaintiff's allegations of sexual harassment against him.

68. Unable to endure the hostile work environment and retaliation, Plaintiff CANONICO was constructively terminated on or about January 29, 2013.

69. After Plaintiff CANONICO was constructively terminated, Regina Andres (Vice President and Counsel for Defendant BOA) told Plaintiff CANONICO she would reopen his complaint and start her own investigation since Ashley Lawton did not investigate thoroughly. Despite these assurances, Regina Andres never completed an investigation.

70. Defendant BOA continued its retaliatory conduct by intentionally and unlawfully withholding Plaintiff's commission report and W-2 Forms after his constructive termination.

71. Defendants unlawfully harassed, discriminated against and retaliated against the Plaintiff.

72. The Defendants, by their agents, servant and employees created a hostile work environment, condoned and promoted the discrimination and the sexual harassment upon receiving complaints to the effect, and retaliated against Plaintiff CANONICO while continuing to protect and employ those that have committed the discrimination/harassment.

73. Plaintiff CANONICO feared all along that his complaints would be answered with retaliation and with an escalation of the harassment; just as he feared, shortly after making the complaint, the hostilities increased, combined with the retaliation resulting in Plaintiff being terminated from work while the harassers continued gainful employment.

74. As a result of the sexually offensive and hostile acts, as set forth herein, Defendants, their agents, servants, and/or employees, created a hostile working environment in which Plaintiff was intimidated, harassed, and undermined in his attempts to succeed.

75. Throughout Plaintiff's employment with Defendants, Plaintiff brought the sexually offensive and hostile acts and conduct, as set forth herein, to the attention of his supervisors.

76. As a result, Defendants knew or through the exercise of reasonable diligence should have

known of the wrongful and unlawful actions, conduct, and omissions of their agents, servants, and/or employees and took no remedial action.

77. The Defendants caused, allowed and created an atmosphere that permitted institutional discrimination and a hostile environment to thrive at the expense of the Plaintiff herein.

78. As a result of the foregoing, the Plaintiff has suffered and sustained severe emotional and psychological pain, distress and injury with physical manifestation.

79. Plaintiff has suffered, is now suffering and will continue to suffer irreparable injury, mental anguish and humiliation and damage to Plaintiff's reputation as a result of Defendants' discriminatory and unlawful practices.

80. Defendants acted with malice and reckless disregard for Plaintiff's rights, causing the Plaintiff to suffer and sustain monetary damages, pecuniary losses, promotions, raises, bonuses, inconvenience, and other benefits.

81. Defendants acted with malice and reckless disregard for Plaintiff's rights, causing the Plaintiff to sustain loss of enjoyment of life.

82. As a direct and proximate result of the Defendants' wrongful acts, conduct, and omissions, including but not limited to those set forth herein, Plaintiff has suffered both pecuniary and non-pecuniary losses and has otherwise been damaged.

## FIRST CAUSE OF ACTION - PURSUANT TO TITLE VII

83. The Plaintiff repeats, reiterates, realleges and incorporate by reference all the allegations contained in the preceding paragraphs as if more fully set forth herein at length.

84. During the course of Plaintiff's employment, Defendants, their agents, servants, and/or employees subjected Plaintiff to unwelcome comments, insults, and other sexually offensive conduct, including but not limited to those described above creating a hostile working environment.

85. The effects of this hostile working environment were so severe and pervasive that it affected the terms, conditions, and privileges of the Plaintiff's employment, constituting unlawful sexual harassment in violation of Title VII.

86. Defendants violated Plaintiff's rights under Title VII and subjected the Plaintiff to a hostile work environment and to discrimination because of his sex and disability.

87. The effects of this hostile working environment were so severe and pervasive that it affected the terms, conditions, and privileges of the Plaintiff's employment, constituting unlawful sexual harassment in violation of § 703(a) of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e-2(a), thereby entitling Plaintiff to relief under the

provisions of § 706 of Title VII Of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(g).

88. Defendant's wrongful acts, conduct, and omissions were intentional and wanton and done with malice and/or a reckless indifference to Plaintiff's rights in violation of § 102(a) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, thereby entitling Plaintiff to an award of compensation, punitive and/or exemplary damages.

89. Pursuant to § 706(k), 42 U.S.C. § 2000 e-5(k) of Title VII of the Civil Rights Act of 1964, as amended, Plaintiff is entitled to reasonable costs and attorneys' fees.

90. Pursuant to § 102(c) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(c), Plaintiff demands a jury trial as to all issues so triable.

91. As a direct and proximate result of the Defendants' wrongful acts, conduct, and omissions, including but not limited to those set forth herein, Plaintiff has suffered both pecuniary and non-pecuniary losses and has otherwise been damaged.

92. That by reason of the foregoing, the Plaintiff demands a judgment against the Defendants in an amount to be determined at time of trial.

## SECOND CAUSE OF ACTION - PURSUANT TO TITLE VII

93. The Plaintiff repeats, reiterates, realleges and incorporate by reference all the allegations contained in the preceding paragraphs as if more fully set forth herein at length.

94. The Defendants treated the Plaintiff adversely because he engaged in protected activity under Title VII of the Civil Rights Act of 1964, as amended, and complained of and opposed unlawful discriminatory practices by the Defendants.

95. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his/her employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

96. Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e et. seq., by retaliating and discriminating against Plaintiff as a result of Plaintiff's opposition to the Defendants' unlawful employment practices.

97. As a result of the Defendants' actions, conduct, and omissions, including but not limited to those set forth herein, the Defendants discriminated against Plaintiff with respect to his compensation, terms, conditions, and privileges of employment in retaliation for engaging in protected activity under Title VII of the Civil Rights Act of 1964, as amended, and complaining and opposing unlawful discriminatory practices by Defendants in violation of

§ 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-(3) and § 717(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16(a), thereby entitling Plaintiff to relief under the provisions of § 706 of Title VII of the Civil Rights Act [67] of 1964, as amended, 42 U.S.C. § 2000e-5 and § 717(d) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16(d).

98. Defendants' wrongful acts, conduct, and omissions were intentional and wanton and done with malice and/or a reckless indifference to Plaintiff's rights in violation of § 102(a) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, thereby entitling Plaintiff to an award of compensation, punitive and/or exemplary damages.

99. Pursuant to § 706(k), 42 U.S.C. § 2000 [68] e-5(k) of Title VII of the Civil Rights Act of 1964, as amended, Plaintiff is entitled to reasonable costs and attorneys' fees.

100. As a direct and proximate result of the Defendants' wrongful acts, conduct, and omissions, including but not limited to those set forth herein, Plaintiff has suffered both pecuniary and non-pecuniary losses and has otherwise been damaged.

101. That by reason of the foregoing, the Plaintiff demands a judgment against the Defendants in an amount to be determined at time of trial.

### THIRD CAUSE OF ACTION – PURSUANT TO THE ADA

102. The Plaintiff repeats, reiterates, realleges and incorporates by reference all the allegations contained in the preceding paragraphs as if more fully set forth herein at length.

103. The American Disabilities Act of 1990, as amended, 42 U.S.C. §12112(a) provides that it shall be unlawful for an employer to "discriminate against a qualified individual on the basis of **disability** in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

104. That at all times herein relevant, Plaintiff CANONICO has suffered, is now suffering, and will continue to suffer from stuttering, a physical and/or mental impairment that substantially limits one or more of his life activities.

105. That at all times herein relevant, Plaintiff CANONICO was qualified to perform the essential functions of his job/employment at/for the Defendants.

106. That at all times herein relevant, Defendants discriminated against plaintiff on the basis of a disability, in violation of Title I and Title II of the ADA, as amended, 42 U.S.C. § 12101, et. seq., 42 U.S.C. §12112(a), as well as the Rehabilitation Act, 29 U.S.C. § 701, et. seq.

107. That as a proximate result of Defendants' actions, plaintiff has suffered and continues to suffer from substantial loss of past and future earnings, bonuses, and other employment

benefits.

108. By engaging in the above actions, Defendants engaged in intentional discrimination and did so with malice or reckless indifference to the federally protected rights of plaintiff as an aggrieved individual.

109. As a proximate result of defendant' actions, plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and mental anguish and injury, economic hardship, lost wages and benefits and other incidental and consequential damages and expenses, all to plaintiff's damage, in an amount to be determined at trial.

110. As a direct and proximate result of the Defendants' wrongful acts, conduct, and omissions, including but not limited to those set forth herein, Plaintiff has suffered both pecuniary and non-pecuniary losses and has otherwise been damaged.

111. That by reason of the foregoing, the Plaintiff demands a judgment against the Defendants in an amount to be determined at time of trial.

## FOURTH CAUSE OF ACTION – PURSUANT TO EXECUTIVE LAW §296

112. The Plaintiff repeats, reiterates, realleges and incorporates by reference all the allegations contained in the preceding paragraphs as if more fully set forth herein at length.

113. Executive Law § 296 provides that it shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sexual orientation, military status, **sex**, **disability**, genetic predisposition or carrier status, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

114. That at all times herein relevant, Plaintiff was an "employee" of Defendant for purposes of §§ 292 and 296, as well as all other relevant sections of the New York State Human Rights Law.

115. That at all times herein relevant, Defendant was an "employer" for purposes of §§ 292 and 296, as well as all other relevant sections of the New York State Human Rights Law.

116. That at all times herein relevant, Plaintiff was an individual with a disability or an individual perceived or regarded as being disabled within the meaning of the New York State Human Rights Law, and her disability led to the termination of her employment.

117. That at all times herein relevant, Plaintiff has and had the impairment as set forth herein.

118. Defendant discriminated against Plaintiff because of Plaintiff's disability, in violation of the New York State Human Rights Law, § 296(1) by (a) ridiculing, embarrassing, and humiliating the Plaintiff, (b) by preventing the Plaintiff from performing his tasks, (c) by

mimicking and degrading, and (d) by constructively terminating the Plaintiff's employment.

119. By engaging in the foregoing conduct, Defendants violated Plaintiff's rights under Executive Law § 296, subjected the Plaintiff to a hostile work environment and to discrimination because of his sex (sexual orientation), alleged sexual orientation, and disability.

120. By engaging in the foregoing conduct, Defendants embarrassed and humiliated the Plaintiff, caused the Plaintiff to be terminated from work, and subjected the Plaintiff to hostilities in violation of Executive Law § 296.

121. That at all times herein relevant, Defendants acted with malice and reckless disregard for Plaintiff's rights, causing Plaintiff to sustain loss of enjoyment of life and other non-pecuniary losses entitling plaintiff to compensatory damages.

122. As a result of the foregoing, Plaintiff has suffered and sustained severe emotional and psychological pain, distress and injury with physical manifestation, entitling plaintiff to compensatory damages.

123. Plaintiff CANONICO has suffered, is now suffering and will continue to suffer irreparable injury, mental anguish and humiliation and damage to his reputation as a result of Defendants' discriminatory practices.

124. As a direct and proximate result of the Defendants' wrongful acts, conduct, and omissions, including but not limited to those set forth herein, Plaintiff has suffered both pecuniary and non-pecuniary losses and has otherwise been damaged.

125. That by reason of the foregoing, the Plaintiff demands a judgment against the Defendants in an amount to be determined at time of trial.

## FIFTH CAUSE OF ACTION – PURSUANT TO EXECUTIVE LAW §296

126. The Plaintiff repeats, reiterates, realleges and incorporate by reference all the allegations contained in the preceding paragraphs as if more fully set forth herein at length.

127. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [h]she has opposed any practices forbidden under this article."

128. Defendants engaged in unlawful employment practice prohibited by New York State Executive Law §296(7) et. seq., by retaliating and discriminating against Plaintiff as a result of Plaintiff's opposition to the Defendants' unlawful employment practices.

129. As a result of the foregoing, Plaintiff has suffered and sustained severe emotional and

psychological pain, distress and injury with physical manifestation, entitling plaintiff to compensatory damages.

130. By acting as described above, Defendants acted with malice and reckless disregard for Plaintiff's rights, causing Plaintiff to sustain loss of enjoyment of life and other non-pecuniary losses entitling plaintiff to compensatory damages.

131. Plaintiff has suffered, is now suffering and will continue to suffer irreparable injury, mental anguish and humiliation and damage to his reputation as a result of Defendants' discriminatory practices.

132. By acting as described above, Defendants acted with malice and reckless disregard for Plaintiff's rights, causing Plaintiff to suffer and sustain monetary damages, pecuniary losses, promotions, raises, bonuses, inconvenience, and benefits.

133. As a direct and proximate result of the Defendants' wrongful acts, conduct, and omissions, including but not limited to those set forth herein, Plaintiff has suffered both pecuniary and non-pecuniary losses and has otherwise been damaged.

134. That by reason of the foregoing, the Plaintiff demands a judgment against the Defendants in an amount to be determined at time of trial.

## SIXTH CAUSE OF ACTION – PURSUANT TO CITY LAW

135. The Plaintiff repeats, reiterates, realleges and incorporate by reference all the allegations contained in the preceding paragraphs as if more fully set forth herein at length.

136. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, **gender**, **disability**, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

137. By engaging in the foregoing conduct, Defendants violated Plaintiff's rights under the Administrative Code of the City of New York § 8-101 et seq., subjected the Plaintiff to a hostile work environment and to discrimination because of his sex and disability.

138. By engaging in the foregoing conduct, Defendants embarrassed and humiliated the Plaintiff, caused the Plaintiff to be terminated from work, and subjected the Plaintiff to hostilities in violation of the Administrative Code of the City of New York § 8-101 et seq..

139. As a result of the foregoing, Plaintiff has suffered and sustained severe emotional and psychological pain, distress and injury with physical manifestation, entitling plaintiff to compensatory damages.

140. By acting as described above, Defendants acted with malice and reckless disregard for Plaintiff's rights, causing Plaintiff to sustain loss of enjoyment of life and other non-pecuniary losses entitling plaintiff to compensatory damages.

141. Plaintiff has suffered, is now suffering and will continue to suffer irreparable injury, mental anguish and humiliation and damage to his reputation as a result of Defendants' discriminatory practices.

142. By acting as described above, Defendants acted with malice and reckless disregard for Plaintiff's rights, causing Plaintiff to suffer and sustain monetary damages, pecuniary losses, promotions, raises, bonuses, inconvenience, and benefits.

143. As a direct and proximate result of the Defendants' wrongful acts, conduct, and omissions, including but not limited to those set forth herein, Plaintiff has suffered both pecuniary and non-pecuniary losses and has otherwise been damaged.

144. That by reason of the foregoing, the Plaintiff demands a judgment against the Defendants in an amount to be determined at time of trial.

## SEVENTH CAUSE OF ACTION – PURSUANT TO CITY LAW

145. The Plaintiff repeats, reiterates, realleges and incorporate by reference all the allegations contained in the preceding paragraphs as if more fully set forth herein at length.

146. The New York City Administrative Code Title 8, §8-107(1) (e) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

147. By the acts and practices described above, Defendants discriminated and retaliated against Plaintiff for Plaintiff's opposition to the unlawful discrimination under the Administrative Code of the City of New York § 8-101 et seq.

148. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of Plaintiff's sex and disability.

149. Defendants engaged in an unlawful discriminatory practice by constructively discharging the Plaintiff because of Plaintiff's sex and disability.

150. Plaintiff has suffered is now suffering and will continue to suffer irreparable injury, monetary damages, mental anguish and humiliation and damage to his reputation as a result of Defendants' discriminatory practices.

151. As a direct and proximate result of the Defendants' wrongful acts, conduct, and omissions, including but not limited to those set forth herein, Plaintiff has suffered both pecuniary and non-pecuniary losses and has otherwise been damaged.

152. That by reason of the foregoing, the Plaintiff demands a judgment against the Defendants in an amount to be determined at time of trial.

### EIGHTH CAUSE OF ACTION – EMOTIONAL DISTRESS

153. The Plaintiff repeats, reiterates, realleges and incorporate by reference all the allegations contained in the preceding paragraphs as if more fully set forth herein at length.

154. Defendants engaged in extreme and outrageous conduct.

155. Defendants intended to cause, or disregarded a substantial probability of causing, severe emotional distress to the Plaintiff.

156. There exists a causal connection between the above conduct and said injury.

157. As a result of said conduct, Plaintiff CANONICO suffered and suffers from severe emotional distress.

158. As a direct and proximate result of the Defendants' wrongful acts, conduct, and omissions, including but not limited to those set forth herein, Plaintiff has suffered both pecuniary and non-pecuniary losses and has otherwise been damaged.

159. That by reason of the foregoing, the Plaintiff demands a judgment against the Defendants in an amount to be determined at time of trial.

### NINTH CAUSE OF ACTION – PUNITIVE DAMAGES

160. The Plaintiff repeats, reiterates, realleges and incorporate by reference all the allegations contained in the preceding paragraphs as if more fully set forth herein at length.

161. That at all times hereinafter mentioned, Defendants knew that their actions constituted unlawful discrimination and unlawful retaliation in violation of the law.

162. That at all times hereinafter mentioned, Defendants acted with malice or reckless disregard and/or with the intention to violation of the law.

163. As a result of the foregoing, the Plaintiff CANONICO, seeks declaratory relief, compensatory damages and punitive damages, together with reasonable attorneys' fees, costs of this action, pre-judgment and post-judgment interest, and other appropriate relief pursuant to the Title VII, the ADA, Executive Law and the Administrative Code of the City of New York.

164. That by reason of the foregoing, the Plaintiff demands a judgment against the Defendants in an amount to be determined at time of trial.

## JURY DEMAND

165. Plaintiff Demands a Trial by Jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CANONICO respectfully requests that the Court enter judgment in Plaintiff's favor and against Defendants, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of defendants complained of herein violate the laws of the United States of America, the State of New York, and the City of New York;

B. An injunction and order permanently removing and clearing information to the contrary contained in the Plaintiff's employee file and restraining defendants from engaging in such unlawful conduct;

C. An order directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated;

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate plaintiff for all monetary and/or economic damages, including but not limited to, the loss of past and future income, wages, compensation, and other benefits of employment;

E. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for loss of benefits, promotions, raises and opportunities;

F. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages/including but not limited to, compensation for his mental anguish, humiliation, embarrassment, stress and anxiety, emotional and psychological pain and suffering, emotional and psychological distress and the physical manifestations caused;

G. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate plaintiff for harm to his professional and personal reputation and loss of career fulfillment;

H. An award of damages in an amount to be determined at trial to compensate plaintiff for the defamation that Defendants committed against him.

I. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

J. An award of punitive damages;

K.  An award of costs that plaintiff has incurred in this action, as well as plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

L.  Such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        November 26, 2013

                              Respectfully Submitted,

                              AKIN LAW GROUP PLLC
                              Attorneys for Plaintiff

                              _____
                              By: Robert D. Salaman (RS 7487)
                              45 Broadway, Suite 2650
                              New York, NY 10006
                              (212) 825-1400

EEOC Form 161 (11/09)　　　　　U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | David J. Canonico<br>440 S 12th St<br>Lindenhust, NY 11757 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2013-13084 | Lawrence M. Angelo,<br>Investigator | (212) 336-3763 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____  11/6/13
Kevin J. Berry,　　　　　　　　　　　(Date Mailed)
District Director

Enclosures(s)

cc: Director, Human Resources/EEO
BANK OF AMERICA
114 W 42nd Street
New York, NY 10036

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DAVID CANONICO,

                Plaintiff,

    -against-

BANK OF AMERICA, N.A.,
ROBERT DONOVAN and PHILIP MANFRE,

                Defendants.
----------------------------------------------------------------X

Civil Action No.:

---

## SUMMONS and COMPLAINT

---

**AKIN LAW GROUP PLLC**
Attorneys for Plaintiff
45 Broadway, Suite 2650
New York, NY 10006
Tel: (212) 825-1400
Fax: (212) 825-1440